DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>            Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>SHANNON RAINEY   )<br>   )<br>            Defendant.   )<br>   )<br>_____   ) | Case  No.  3:05-cr-00108-2 (JWS)<br><br>GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EXPERT WITNESSES OR IN THE ALTERNATIVE TO ALLOW ADDITIONAL TRIAL PREPARATION TIME<br><br>Filed on Shortened Time |

The United States moves on shortened time to have this Court consider the government's motion in limine to exclude Shannon Rainey's proposed expert Dr. Nancy Kaser-Boyd's testimony at trial . Today, May 30, 2006, Rainey has given notice that she intends call Dr. Kaser Boyd in support of her a defense that she

suffered from Battered Woman Syndrome during the time of the alleged conspiracy and she acted under duress when she performed acts in furtherance of the conspiracy, thereby negating her ability to form the intent to join the conspiracy. A copy of Dr. Kaser-Boyd's curriculum vitae and a copy of her report is attached to this filing as Exhibit A.

The United States moves to exclude the proposed testimony because proper notice was not filed within the time limit set forth in Fed. R. Crim. P. 12.2(b). In the alternative, if the Court is presently inclined to allow Dr. Kaser-Boyd's testimony, the United States moves for additional trial preparation time allowed for under Fed. R. Crim. P. 12.2(b) to allow the United States adequate time to consult with its own expert to obtain assistance in preparing a response to a defense based on Battered Woman Syndrome– which will entail a review of the evidence against Rainey, including the intercepted conversations between Carlos Rainey and Shannon Rainey, to consider the need for an independent examination of Rainey, as well as the effect if any upon the future course of Rainey's case.

Pursuant to Fed. R. Crim. P. 12.2(b), a defendant has an independent and affirmative duty to provide notice within the time set for pretrial motions or any other time the Court sets to give the United States notice of her intent to present expert testimony relating to a mental condition affecting the issue of guilt. The

pre-trial motions deadline passed weeks ago.

Rainey's late notice of the proposed defense as well as the proposed testimony of Dr. Kaser-Boyd is sufficient basis to preclude the testimony. *United States v. Homick*, 964 F.2d 899, 905 (9ty Cir. 1992). The late notice, seven days before trial, provided by Rainey deprives the United States of an opportunity, pursuant to Fed. R. Crim. Proc. 12.2(c)(1)(B), to request that the defendant be independently examined. One of the reasons that Congress enacted Rule 12.2(b) was to enable the government to prepare for cross-examination of the defendant's expert witnesses and to present any rebuttal witnesses to counter the defense expert's testimony. See Conference Committee Notes, H.R.94-414, 1983 amendment to Rule 12.2(b) (noting that lack of notice "would have meant that the government would not have been equipped to cross-examine the expert, that any expert called by the government would not have had an opportunity to hear the defense expert testify and that the government would not have had an opportunity to conduct the kind of investigation needed to acquire rebuttal testimony on defendant's claim concerning his lack of mental capacity."); *United States v. Buchbinder*, 796 F.2d 910, 915 (7th Cir.1986)

The United States should not have to choose between a continuance of the trial or proceeding to trial unprepared to rebut expert testimony. See id. (giving

notice of expert testimony two weeks prior to trial and filing a psychiatrist's report one week before trial violated Rule 12.2(b)); *United States v. Weaver*, 882 F.2d 1128, 1136 (7th Cir.1989) (finding that when notice of expert testimony filed one week prior to trial would delay the trial, the notice was untimely filed under Rule 12.2. Accordingly, the Court should exclude Dr. Kaser-Boyd's testimony on Battered Woman Syndrome on timeliness grounds alone.

The United States disputes Shannon Rainey' assertion that Carlos' Rainey's temper had any relevant effect upon Shannon Rainey's ability to form the intent to join the conspiracy and to help further the objectives of that conspiracy. It would put the United States at a disadvantage to proceed to trial and then have to cross examine Dr. Kaser-Boyd with inadequate time to investigate Dr. Kaser-Boyd's credentials as an expert witness or to have an independent psychiatric/psychological assessment done of both Shannon Rainey and the government's evidence against her to assist in a rebuttal of that defense.

Therefore, because trial is set to commence on June 6, 2006, with only Shannon Rainey scheduled to go to trial, the United States asks this Court to decide this motion on shortened time and exclude Dr. Kaser-Boyd's testimony. In the alternative, the Court should schedule a hearing on this motion at the next immediate time available to reschedule trial. Counsel for the United States is

unavailable between 9:30 a.m. and 10:30 a.m. May 31,2006 for this possible hearing.

 RESPECTFULLY SUBMITTED this day, May 30, 2006, in Anchorage, Alaska.

 DEBORAH M. SMITH
Acting United States Attorney

s/Stephan A. Collins
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2006
a copy of the foregoing was served
electronically:

Scott Dattan

s/ Stephan A. Collins