DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case  No.  3:05-cr-00108-02 (JWS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | MOTION ON SHORTENED TIME |
| vs. | ) | GOVERNMENT'S MOTION IN |
| | ) | LIMINE TO EXCLUDE EXPERT |
| SHANNON RAINEY | ) | WITNESSES TESTIMONY |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

The United States moves on shortened time to have this Court consider the

government's motion in limine to exclude Shannon Rainey's newly proposed

expert, Dr.  Sharon K. Araji, as well as Dr. Kaser-Boyd, from  testifying at trial.

Trial is set to commence on August 28, 2006.

On August 18, 2006, Rainey for the first time gave notice that she now intends to call Dr. Araji in support of an additional theory of defense: Rainey could not have formed the intent to join the drug trafficking conspiracy nor to have participated in the money laundering activities because she was a victim of Battered Woman Syndrome (BWS.)

As Rainey concedes, Dr. Araji has not interviewed Rainey, let alone diagnosed her; perhaps this explains why Rainey has not submitted a report from Dr. Araji, as required by Fed. R. Crim. P. 12.2(c)(3), detailing Dr. Araji's opinion on Rainey's mental capacity to form intent in general. Of course, according to Fed. R. Evid. 703, Dr. Araji could not testify about the ultimate issue of whether Rainey intended to commit the crimes charged against her. In lieu of submitting a report, Rainey proposes to call Dr. Araji to present generalized testimony on the purported effects BWS has on people.

The United States moves to exclude Dr. Araji's proposed testimony because proper notice was not filed within the time limit set forth in Fed. R. Crim. P. 12.2(b) that Rainey intended to proceed with a mental disease or defect defense. By giving notice that she seeks the Court to include Ninth Circuit Pattern Instruction 6.5, Rainey has given notice that she intends to present a defense of duress. That is, it appears she intends to rely upon a theory of duress to negate an

element of the crimes rather than submit a lawful excuse for her crimes.  Earlier,

the United States initially moved to preclude the testimony of Dr. Kaser-Boyd

because Rainey had failed to comply with Fed. R. Crim. P. 12.2(b).  At the hearing

on that first motion, Rainey asserted she was not intending to proceed with a

mental duress defense but instead sought to proceed on a defense of duress as legal

excuse.   The Court nonetheless granted additional time to the parties to prepare for

trial.

Pursuant to Fed. R. Crim. P. 12.2(b), a defendant has an independent and

affirmative duty to provide notice within the time set for pretrial motions or any

other time the Court sets to give the United States notice of her intent to present

expert testimony relating to a mental condition affecting the issue of guilt.   The

pre-trial motions deadline passed months ago.  Rainey did not meet those

deadlines.

Rainey's late and insufficient notice of the new proposed defense and

testimony of Dr. Araji is sufficient basis to preclude the testimony.  *United States*

*v. Homick*, 964 F.2d 899, 905 (9ty Cir. 1992).   One of the reasons that Congress

enacted Rule 12.2(b) was to enable the government to prepare for

cross-examination of the defendant's expert witnesses  and to present any rebuttal

witnesses to counter the defense expert's testimony.  See Conference Committee

Notes, H.R.94-414, 1983 amendment to Rule 12.2(b) (noting that lack of notice

"would have meant that the government would not have been equipped to

cross-examine the expert, that any expert called by the government would not have

had an opportunity to hear the defense expert testify and that the government

would not have had an opportunity to conduct the kind of investigation needed to

acquire rebuttal testimony on defendant's claim concerning his lack of mental

capacity."); *United States v. Buchbinder*, 796 F.2d 910, 915 (7th Cir.1986) (giving

notice of expert testimony two weeks prior to trial and filing a psychiatrist's report

one week before trial violated Rule 12.2(b)); *United States v. Weaver*, 882 F.2d

1128, 1136 (7th Cir.1989) (finding that when notice of expert testimony filed one

week prior to trial would delay the trial, the notice was untimely filed under Rule

12.2..  In this case, Rainey has not submitted Dr. Araji's proposed testimony about

Rainey's alleged mental incapacity.  Therefore, the United States would be

required to prepare to cross examine Dr. Araji in a void.

Accordingly, the Court should exclude Dr. Araji's testimony on BWS on

timeliness grounds alone.

"A qualified expert witness may testify if the witness' specialized

knowledge will assist the trier of fact to understand the evidence or to determine a

fact in issue." *United States v. Hoac*, 990 F.2d 1099 (9th Cir. 1992).  The expert's

proposed testimony, however, is nonetheless subject to the admissibility requirements contained in the evidence rules.  The United States contends that the proposed testimony of Drs. Kaser-Boyd and Araji is excludable under Fed. R. Evid. Rules 402 and 403.  First, Rainey concedes BWS is neither a mental disease or defect.  Thus, there is no need for expert testimony on this subject.

Second, Rainey is charged with being a member of a drug trafficking conspiracy as well as having participated in money laundering.  The United States has to prove she knowingly conspired with the others to violate an offense contained in Title 21; the United States does not have to prove she herself committed any violation of Title 21.  Likewise, the United States has to prove she knowingly laundered drug proceeds. Neither of these offenses require proof other than the defendant knew what she was doing.  There is no other *mens rea* required to prove these offenses.  *See United States v. Moreno*, 102 F.3d 994, 996-97 (9th Cir. 1996)( for instance, the crime of possession with intent to distribute controlled substances has no *mens rea* element.)  Rainey admits she knew what she was doing when she did it, but claims she committed the crimes only because someone else forced her to commit the crimes.

Because neither Drs. Kaser-Boyd and Araji will testify that Rainey did not know what she was doing, their testimony would be irrelevant to the defense  and

would be substantially more prejudicial than probative.  It would confuse the focus

of the jury's inquiry: which is, did Rainey know what she was doing.  And, if

Rainey proceeds with this defense, did someone else threaten her to commit the

crimes. Neither Drs. Kaser-Boyd nor Araji will opine that Rainey thought she was

squeezing grapefruits throughout the entire time of the alleged crime period.  Of

course, we do not know what Dr. Araji's opinion is about Rainey because she has

never interviewed Rainey.

Generally, to prove the affirmative defense of duress as a legal excuse, the

defendant bears the burden of  proving that she committed the crimes only because

another person made an immediate, impending, specific threat to kill or cause

serious bodily injury to the defendant if she did not commit the crime, that she had

a well grounded fear that the other person would carry out the threat, and that she

had no reasonable opportunity to escape the threat before committing the crime.

*United States v. Verduzcon*, 373 F.3d 1022, 1029 (9th Cir. 2004); *United States v.*

*Moreno*, 102 F.3d 994, 997 (9th Cir. 1996); *United States v. Contento Pachon*, 723

F.2d 691, 693 (9th Cir. 1984).  If the defendant fails to make out a prima facie case

of the affirmative defense, evidence of duress is not relevant and is therefore

inadmissible under Fed. R. Evid. 402.  *Moreno*, at 998-99.

The other person's threat must be immediate and specific in regard to

committing the crime; a veiled threat of future unspecified harm is not sufficient.

*Contento-Pachon*, at 694. The jury must focus upon how the threat would affect

the "reasonable person"; that is, if the immediate threat of harm was such that a

person of "reasonable firmness in [her] situation would have been unable to resist."

 *United States v. Johnson*, 956 F.2d 896, 898 (9th Cir. 1992).   The subjective

vulnerability of the defendant to generalized fear, however, is not admissible.  *Id*.

This duress defense relies upon the nature of the threats from another person on the

defendant.  It "assumes that the defendant has voluntarily performed the criminal

act; his or her will has not been so overcome that another choice was impossible."

*Johnson*, at 897. The defense does not negate the mental states of knowledge or

intent, or the voluntary nature fo the criminal act.  *United States v. Soloranzo-*

*Rivera*, 368 F.3d 1073, 1079-80 (9th Cir. 2004).  Thus, the proposed expert

testimony about Rainey's state of mind would be irrelevant and inadmissible.


\\


\\

For the reasons stated above, the Court should decide on shortened time to

exclude the testimony of both Drs. Kaser-Boyd and Araji.

RESPECTFULLY SUBMITTED this day, August 21, 2006, in Anchorage, Alaska.

<div style="margin-left:50%">

DEBORAH M. SMITH
Acting United States Attorney

s/Stephan A. Collins
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2006
a copy of the foregoing was served
electronically:

Scott Dattan

s/ Stephan A. Collins