DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK Bar No. 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-00108-02 (JWS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TRIAL BRIEF OF THE** |
| | ) | **UNITED STATES** |
| | ) | |
| SHANNON RAINEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I.      STATEMENT OF THE CASE

       This matter is set to commence trial in Anchorage, Alaska on August 28, 2006. The United States is prepared to proceed to trial. The Untied States anticipates the trial should not last for more than four days.

II.     STATEMENT OF ANTICIPATED EVIDENTIARY FACTS

The facts of this case are not in dispute. Sometime between April, 2003 and November, 2005, Shannon Rainey, the defendant, entered into an agreement with one or more of the defendants named in the indictment . The agreement was to distribute cocaine and methamphetamine in Alaska. During Rainey's membership in the conspiracy, the conspirators and she distributed more than five kilograms of cocaine powder and more than 500 grams of methamphetamine in Alaska. For her part, Rainey sent more than five kilograms of cocaine to Alaska. She sent the cocaine in packages on which she used false names to conceal the identity of the persons sending the packages.

During the course of the investigation in this case, the United States intercepted a number of telephone calls between the members of the conspiracy, I  A number of the telephone calls involved Rainey discussing drug related matters with other members of the conspiracy. During these calls, Rainey herself stated that she and her husband, Carlos Rainey were drug dealers.

Also during the course of the conspiracy, other members of the conspiracy in Alaska sent drug proceeds to Rainey, who was in Washington at the time. Rainey knew the money had come from drug trafficking and she helped conceal and disguise the nature, location, source,  ownership, and control of the drug proceeds.

After her arrest, Rainey admitted that she had been a part of the conspiracy and that she had participated in laundering the drug proceeds.

III.     EVIDENTIARY ISSUES

   A.     Stipulations

The parties have agreed to the admissibility of the above facts.

   B.     Expert Testimony

The United States may or may not call Dr. Mark Mills to rebut the anticipated affirmative duress defense Rainey has given notice of presenting to the jury. The United States has separately moved in limine to exclude the introduction of Rainey's defense witness testimony as irrelevant and inadmissible under Fed. R. Evid. 402 and 403.

   C.     Statements of the Defendant and Local Rule 2 Notice

The government has previously disclosed, pursuant to Criminal Rule 16(a)(1), all of the Rainey's statements that were recorded by law enforcement officers. The Untied States will also seek to introduce Rainey's debriefing statements if she testifies inconsistently with that debriefing statement. The United States would also seek to introduce her omission to mention having been a victim of duress during this debriefing.

D.   Evidence of Defendant's Prior Conduct

Rule 404(b), Fed. R. Evid., permits the use of evidence of other crimes, wrongs or acts as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, subject to the relevance requirements of Rules 402 and 403.  At the time of filing this trial brief, the United States does intend to introduce Rainey's own statements intercepted during the course of the conspiracy investigation that she admitted participated in the distribution of marijuana.  These statements reflect her participation in other drug trafficking activities that were inextricably intertwined with the overall drug trafficking conspiracy.

E.   Impeachment by Character Evidence

Rule 608, Fed. R. Evid., sets out the scope of permissible impeachment by character evidence.  Under Rule 608 testimony must be limited to a witness's reputation for truthfulness or untruthfulness and must refer to the witness's reputation at the time of trial.  Weinstein and Berger, supra 608(03), pp. 608-21-22, n. 6-8.  Extrinsic evidence of specific instances of conduct may not be introduced for the purpose of attacking or supporting a witness's credibility, but may be inquired into on cross-examination at the discretion of the court.  Fed. R. Evid. 608(b).  The proper scope of impeachment is subject to standards of relevance under Rule 403.  See e.g., United States v. Yarns, 811 F.2d 454, 455-6 (8th Cir. 1987) [court refused to permit defendant to impeach

immunized co-defendant by asking questions concerning earlier illegal activity stating that the "defendant was not entitled to lead the court and jury on an excursion into past incidents that were connected to the conspiracy prosecution only by a slender thread of his tenuous impeachment theory"].

The United States has just learned that Rainey intends to call Carlos Rainey to testify in support of her defense. Carlos Rainey has a prior felony conviction for assault. Rainey was not the victim of Carlos Rainey's assault. The government reasonably anticipates Rainey will seek to introduce evidence of Carlos Rainey's assault conviction as well as the underlying facts to show Carlos Neither of these facts are admissible under Fed. R. Evid. 404(a)(3), 404(b), 608, and 609. *United States v. McCourt*, 925 F.2d 1229 (9th Cir. 1991). Therefore, the United States seeks to have the Court require Rainey submit an offer of proof and reasons supporting the admissibility of Carlos Rainey's assault conviction and the underlying facts before any witness seeks to testify about these matters.

Furthermore, Rainey has given notice that Theresa Rainey, Carlos Rainey's mother, will testify about her son's drinking problem, his propensity to destroy property, and her efforts to control him. This proposed testimony is likewise wholly irrelevant and thus inadmissible under the same rules.

F.   Reciprocal Discovery Issues

Pursuant to Rule 16, Fed. R. Crim. P., all parties to the instant action have been under an obligation of reciprocal discovery. The United States has provided all discoverable items to the defendant and her attorney. The defendant has had ample access to inspect all items of the physical evidence and has interviewed the informant. As of the present date, the United States has yet to receive a single document or item in discovery from the defendant, other than the proposed testimony of Dr. Kaser-Boyd. To the extent that the defendant attempts to introduce any evidence not provided to the United States pursuant to his obligations under Rule 16(b), the government will seek a preclusion order. See Taylor v. Illinois, 484 U.S. 400, 108 S.Ct. 646 (1988) [upholding constitutionality of preclusion of defense witness withheld from prosecution in violation of discovery rules].

G.   Limits of Relevant Defenses

Rule 403, Fed. R. Evid., provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also, United States v. Brannon*, 616 F.2d 413, (9th Cir. 1980). The trial court has broad discretion in

determining admissibility under Rule 403. *United States v. Moore*, 552 F.2d 1068, 1079 (9th Cir. 1975).

Rainy has given notice that she intends to present an affirmative defense of duress. Lately, she has also given notice of her intent to present a diminished capacity defense based on duress. The United States has separately moved to preclude evidence of the diminished capacity defense because of Rainey's failure to comply with Fed. R. Crim. P. 12.2.

Generally, to prove the affirmative defense of duress as a legal excuse, the defendant bears the burden of proving that she committed the crimes only because another person made an immediate, impending, specific threat to kill or cause serious bodily injury to the defendant if she did not commit the crime, that she had a well grounded fear that the other person would carry out the threat, and that she had no reasonable opportunity to escape the threat before committing the crime. *United States v. Verduzcon*, 373 F.3d 1022, 1029 (9th Cir. 2004); *United States v. Moreno*, 102 F.3d 994, 997 (9th Cir. 1996); *United States v. Contento Pachon*, 723 F.2d 691, 693 (9th Cir. 1984). If the defendant fails to make out a prima facie case of the affirmative defense, evidence of duress is not relevant and is therefore inadmissible under Fed. R. Evid. 402. *Moreno*, at 998-99.

The other person's threat must be immediate and specific in regard to committing the crime; a veiled threat of future unspecified harm is not sufficient. *Contento-Pachon*, at 694. The jury must focus upon how the threat would affect the "reasonable person"; that is, if the immediate threat of harm was such that a person of "reasonable firmness in [her] situation would have been unable to resist." *United States v. Johnson*, 956 F.2d 896, 898 (9th Cir. 1992). The subjective vulnerability of the defendant to generalized fear, however, is not admissible. *Id.* This duress defense relies upon the nature of the threats from another person on the defendant. It "assumes that the defendant has voluntarily performed the criminal act; his or her will has not been so overcome that another choice was impossible." *Johnson*, at 897. The defense does not negate the mental states of knowledge or intent, or the voluntary nature fo the criminal act. *United States v. Soloranzo-Rivera*, 368 F.3d 1073, 1079-80 (9th Cir. 2004).

IV.    WITNESSES

Because Rainey has stipulated to the admissibility of the government's evidence, the United States will call at most three witnesses, including the case agent, as well as another investigator. Depending upon the course of Rainey's defense, the Untied States may also call an expert to refute her duress claims. The United States anticipates that its case should take no more than two days to present.

V.    EXHIBITS

The United States will offer all of the relevant physical evidence seized during the course of this investigation, including the drugs, other documents, and a portion fo the intercepted calls.

RESPECTFULLY SUBMITTED this day, August 22, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Stephan A. Collins
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK Bar No. 8911061

CERTIFICATE OF SERVICE
I declare under penalty of perjury
that a true and correct copy of the
foregoing was sent to the following counsel
of record on August 22, 2006, via:

(X) Electronic Filing Notice

Scott Dattan
2600 Denali Street, Ste. 460
Anchorage, Alaska 99503

S/ Stephan A. Collins