LAW OFFICES OF D. SCOTT DATTAN
2600 Denali Street, Suite 460
Anchorage, Alaska 99503
Phone:  (907) 276-8008

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| vs. | ) |
| | ) |
| CARLOS  RAINEY, et al | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) Case No. 3:05-cr-108-JWS |

## OPPOSITION TO GOVERNMENT'S
## MOTION IN LIMINE

Shannon Rainey, by and through her attorney D. Scott Dattan, opposes the Government's motion in *limine*.

The Government's reliance on Rule 12.2(b), Federal Rules of Criminal Procedure is misplaced.  That rule states:

> If the defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must – within the time provided for filing a pretrial motion or at any later time the courts sets –notify an attorney for the government in writing of this intention and file a copy with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial preparation time, or make other appropriate orders.

Page 1 of 3
<u>USA v S. RAINEY</u>; 3:05-cr-108-JWS
Opposition to Government's Motion in Limine

The expert witness is being called to assist the defense in the assertion of an affirmative defense. Ms. Rainey does not suffer from a "mental disease or defect." In fact, as noted in defendant's trial brief, "Battered woman syndrome is a set of psychological and behavioral reactions exhibited by victims of severe, long-term, domestic physical and emotional abuse …. Battered woman syndrome is not a mental disease or defect …." <u>United States v Johnson</u>, 956 F.2d 894,899 (9th Cir. 1992) (citation omitted).

Given that Ms. Rainey is asserting an affirmative defense, she was under no duty to disclose until the government rested. She did, however, in order to facilitate trial – both for the court and the government.

The title of Rule 12.2 is "Notice of an Insanity Defense." Ms. Rainey is not insane; she is however, the victim of prolonged and severe domestic violence.

Interestingly enough, on April 25, 2006, the discovery request attached hereto as Exhibit "A" was sent to the government. No response was made. Rule 16(b)(1)(B) states:

> If defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination ….

Likewise expert witness information must be provided by a defendant **if** the defendant requests disclosure and **if** the government complies.

The government's reliance on <u>United States v Homick</u>, 964 F.2d 899 (9th Cir. 1992) is likewise misplaced. Granted the trial court excluded expert testimony for failure to comply with notice provisions when it was offered at trial. However, the Court of Appeals never considered the evidentiary argument because it indicated the battered woman defense was unavailable to Delores Homick based on the facts. In the case at bar, the facts are compelling.

Page 2 of 3
<u>USA v S. RAINEY</u>; 3:05-cr-108-JWS
Opposition to Government's Motion in Limine

The remaining cases upon which the government relies in its motion in *limine* are all 7th Circuit cases.

Under the circumstances of this case, the parties were discussing pre-trial resolution. Not until last week was it known that Ms. Rainey would absolutely exercise her right to a trial. The government did not respond to the letter of April 25, 2006. The affirmative defense asserted by Ms. Rainey is not a mental disease or defect. The government has more time to prepare for examination of Dr. Kaser-Boyd that it is required to give for examination of its witnesses.

Under the circumstances, notice was timely. Fairness dictates that Ms. Rainey be allowed to assert the affirmative defense of duress and trial, for which witnesses are already under subpoena, should begin,, as scheduled, June 6, 2006. The government's motion in *limine* should be denied.

DATED this 30th day of May, 2006.


s/D. Scott Dattan
Attorney for Defendant, Shannon Rainey
2600 Denali Street, Suite 460
Anchorage, Alaska  99503
Phone:  907-276-8008
E-Mail:  dattan@alaska.net
Alaska Bar No:  8411111


## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2006, a copy of foregoing OPPOSITION TO GOVERNEMENT'S MOTION IN LIMINE was served electronically on:  Stephan Collins, Mike Dieni, Allan Beiswenger, William Carey, John C. Pharr, Scott Sterling, Lance Wells, T. Burke Wonnell, Mark Rosenbaum, Raul Martinez, and Hugh Fleischer.
s/D.Scott Dattan

Page 3 of 3
USA v S. RAINEY; 3:05-cr-108-JWS
Opposition to Government's Motion in Limine