IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| vs. | ) |
| | ) |
| SHANNON DAWN RAINEY, | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) Case No. 3:05-cr-108-02-JWS |

**OPPOSITION TO GOVERNMENT'S
MOTION IN LIMINE TO
EXCLUDE EXPERT TESTIMONY**

    The Government's motion in limine attempts to rehash the issues which were decided by this court on May 31, 2006. There is no surprise, there is no basis for the Government's motion other than to try to prevent a fair trial.

    On May 31, 2006, this court stated that Ms. Rainey's intention to present evidence that she suffered from battered woman syndrome fell within the meaning of a "mental disease or defect or other mental condition …. bearing on either (1) the issue of guilt …." Pursuant to Rule 12.2 (b), Federal Rules of Criminal Procedure. The Government was given time to obtain its own expert to examine Ms. Rainey.

    That expert, Dr. Mark Mills, agrees that she was the victim of abuse at the hands of Carlos Rainey. His conclusions differ from Dr. Kaser-Boyd as to the effect that abuse had on her.

    This court already granted the Government a continuance for this very reason. There is nothing new being offered that is, in any way, a surprise to the Government. There is absolutely no reason to exclude any of the witnesses that the defendant seeks to call except to deprive the jury of facts. Notice was given, in writing on May 30, 2006. Trial was continued so

the Government could prepare. It is ridiculous for the Government to argue that it was unaware that the defendant intended to defend herself based on Dr. Kaser-Boyd's conclusions.

The problem for the Government is that its expert agrees that Shannon Rainey is the victim of abuse. Dr. Sharon Araji is not, as the Government pretends to argue, going to offer testimony on the issue of whether Shannon Rainey intended to do anything. On the contrary, she has nothing to say about the ultimate issue, that is the jury's province.

Dr. Araji has testified in domestic violence assault cases in Superior Court as an expert. Her testimony is offered here, only to assist the court and the jury in understanding domestic violence and the effects that it has on people. She takes no position in this case; she provides information.

The Government's arguments are either intentionally misleading or based on misunderstanding. Clearly the Government had notice of Shannon's defense on May 30, 2006. There is no new proposed defense. The Government's position is untenable. Likewise, reliance on <u>United States v Homick</u>, 964 F.2d 899 (9th Cir., 1992) is untenable. In that case the court found that the battered woman defense was factually unavailable, therefore exclusion of expert testimony was harmless error, <u>Id.</u>, at 905:

> The battered woman defense is a species of the defense of duress, which has three elements: "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm." <u>United States v Contente-Pachon</u>, 723 F.2d 691, 693 (9th Cir., 1984) (citing <u>United States v Shapiro</u>, 669 F.2d 593, 596 (9th Cir., 1982)). We recognize that the unique nature of battered woman syndrome justifies a somewhat different approach to the way we have historically applied these principles. Cf. <u>United States v Johnson</u>, slip op. 1453, 1462-64 (9th Cir., Feb 11, 1992); <u>United States v Winters</u>, 729 F.2d

>602, 605 (9th Cir., 1984). However, we do not think the facts of this case fall within the scope of any reasonable approach to the battered woman defense, no matter how we modify the traditional duress standards.

But the facts in Shannon's case do fall within that scope. Both <u>Winters</u> and <u>Johnson</u> are referred to in Shannon's trial brief. The latter case, <u>United States v Johnson</u>, 956 F.2d 894 (9th Cir., 1992) specifically states, as argued by the defendant on May 31, that "Battered Woman Syndrome is not a mental disease or defect; rather battered woman syndrome is a post traumatic stress disorder." <u>Id.</u>, at 899. Thus, the Government's arguments that notice had to be given pursuant to Federal Rule 12.2 (b) are not supported by the Court of Appeals. Be that as it may, this court ruled otherwise and gave the government a continuance. Exclusion of the testimony at this time would be error.

The Government's lack of notice argument is just not supported by the facts. Likewise, the argument that suggestion of a jury instruction somehow prejudices the Government must mean that the jury instructions proposed by the Government justify exclusion of the Government's witnesses.

The Government's reliance on <u>United States v Hoac</u>, 990 F.2d 1099 (9th Cir., 1992) is exactly why Dr. Araji should be allowed to testify. Dr. Araji's specialized knowledge regarding domestic violence will indeed assist the trier of fact to understand the evidence offered by Dr. Kaser-Boyd and Dr. Mills. However, it is the Ninth Circuit Court of Appeals, not the defendant who "concedes that battered woman syndrome is neither a mental disease or defect." This court has ruled otherwise. The need for expert testimony is obvious. The Government is mistaken.

Finally, the Government's relevance arguments are, in light of the statements by the Court of Appeals in <u>Johnson</u>, <u>supra</u>, irrelevant. Shannon Rainey relies on the battered woman syndrome defense both to negate elements of the offenses charged <u>and</u> as an affirmative defense. She was under no duty to inform the Government that it had to prove the elements of the crimes charged, so timeliness is not an issue. The Government has had notice of her intended affirmative defense and basically seeks to revisit the court's decision. Thus the Government's motion is in essence a motion for reconsideration that is itself not timely.

There is only one explanation for the Government's most recent motion in limine: to deprive Shannon Rainey of a fair trial. For that reason alone, it should be denied.

Dated this 24th day of August, 2006.

s/D. Scott Dattan
Attorney for Defendant, Shannon Rainey
2600 Denali Street, Suite 460
Anchorage, Alaska  99503
Phone:  907-276-8008
E-Mail:  dattan@alaska.net
Alaska Bar No:  8411111

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2006 a copy of foregoing OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY was served electronically

Stephan A. Collins

s/D. Scott Dattan