UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>                                                           )<br>                          Plaintiff,       )<br>                                                           )<br>             vs.                                      )<br>                                                           )<br>SHANNON DAWN RAINEY,           )<br>                                                           )<br>                          Defendant.    )<br>_____) | 3:05-cr-00108-02 JWS<br><br>ORDER FROM CHAMBERS<br><br>[RE: Motion at docket 372] |

## I.  MOTION PRESENTED

At docket 372, the United States moves on shortened time to for an order excluding the testimony of two witnesses whom it anticipates defendant Shannon Dawn Rainey will call to testify at trial in this matter.  Rainey has responded to the motion which is now ripe for decision.

## II.  BACKGROUND

The Indictment in this case charged eleven individuals with a variety of crimes relating to the distribution of drugs in this district.[1]  Among them were Carlos Rainey and his wife, Shannon Dawn Rainey ("Shannon").  All of the defendants pled guilty to one or

---

[1] Doc. 1.  The indictment includes 22 counts: one count of conspiracy in relation to drug trafficking, two counts of distributing cocaine, four counts of distributing methamphetamine, two counts of possession with intent to distribute controlled substances, two counts of using a firearm during and in relation to a drug trafficking crime, and eleven counts of money laundering relating to the proceeds of drug trafficking.

more of the charges with the exception of Shannon.  The charges against Shannon are one count of conspiracy in relation to drug trafficking and eight counts of money laundering involving drug trafficking proceeds.[2]

Shannon's trial was scheduled to commence on June 6, 2006.[3]  In a trial brief filed on May 30, 2006,[4] Shannon disclosed "her intention to assert the affirmative defense of duress or coercion at trial."[5]   In the trial brief, Shannon indicated that she had retained Nancy, Kaser-Boyd, PhD., as an expert.  The trial brief noted that Dr. Kaser-Boyd had performed a "forensic psychological evaluation of Shannon [ * * * and her] conclusion is that Shannon suffered from Battered Woman Syndrome." [6]

After reading Shannon's trial brief, counsel for the United States promptly filed a motion to exclude testimony by Dr. Kaser-Boyd, or alternatively to give plaintiff more time to prepare, for failure to timely comply with Fed. R. Crim. P. 12.2(b).[7]  Focusing on the most serious charge against Shannon, counsel for the United States opined that Dr. Kaser-Boyd was being called "in support of [Shannon's] defense that she suffered from Battered Woman Syndrome during the time of the alleged conspiracy and she acted under duress when she performed acts in furtherance of the conspiracy, thereby negating her ability to form the intent to join the conspiracy."[8]   While the trial brief could be read to imply that because of her Battered Woman Syndrome, Shannon could not have formed the intent necessary to join the conspiracy, a better reading of the trial brief suggests that defense counsel's position with respect to the conspiracy charge was

---

[2]Doc. 1.  The conspiracy is charged in Count 1.  The money laundering transactions involving Shannon are charged in Counts 13, 14, 15, 16, 17, 18, 19, and 21.

[3]Doc. 289.

[4]Doc. 300.

[5]*Id.* at p. 1.

[6]*Id.* at p. 3.

[7]Doc. 304

[8]*Id.* at pp. 1-2.

simply that Shannon had no knowledge of the conspiracy.[9]  In any event, at the hearing scheduled by the court on May 31, 2006, the discussion focused more on the prospect that Dr. Kaser-Boyd's testimony might negate the state of mind necessary for conviction of the conspiracy charge than on its value to an affirmative duress defense against the money laundering charges.  The court agreed with the United States that Dr. Kaser-Boyd was an expert whose testimony would relate to a mental condition bearing on the issue of guilt which should have been disclosed sooner.  Nevertheless, the court concluded that the appropriate remedy was to give the United States more time to prepare rather than to exclude testimony from Shannon's expert witness.  Trial was continued to August 28, 2006.[10]  In the meantime, Shannon has been examined by plaintiff's expert Dr. Mark Mills who is available to testify a trial.[11]

### III.  DISCUSSION

The government's second motion to exclude testimony[12] has also been prompted by Shannon's trial brief, but this time it is her second trial brief.  In that trial brief she discloses for the first time that in addition to calling Dr. Kaser-Boyd as an expert, Shannon expects to call Sharon K. Araji, PhD. who "has been retained to testify regarding the patterns and dynamics of domestic violence.[13]"  In her second trial brief, Shannon also clearly stakes out the position that she presents evidence of her "defense of duress or coercion at trial both to refute elements of the offenses charged and as an affirmative defense."[14]

---

[9]Doc. 300 at p. 2.

[10]Doc. 324.

[11]Doc. 375 at p. 3.

[12]Doc. 372.

[13]Doc. 369 at p. 2.

[14]*Id.* at p. 1.

In the pending motion, plaintiff makes two basic arguments. First, the testimony of Dr. Araji should be excluded under Fed. R. Crim. P. 12.2(c)(3). Second, the testimony of both Dr. Kaser-Boyd and Dr. Araji should be excluded, because it relates to the negation of a state of mind that is not an element of the crimes charged and so is irrelevant and therefore inadmissible under Fed. R. Ev. 402.

Shannon's response to the motion with respect to Dr. Araji is essentially that Rule 12.2(c)(3) does not apply, because Dr. Araji, who has not even examined Shannon, will not testify about Shannon's mental condition. Rather, Dr. Araji will be called only to provide general information to the trier-of-fact about the nature and effects of domestic violence, which of course is the activity which underlies Shannon's assertion of the Battered Woman Syndrome. Shannon will rely on the testimony of Dr. Kaser-Boyd, not Dr. Araji, to show that she actually suffered from Battered Woman Syndrome. The court will rely on the representation by Shannon's counsel and enforce the limitation at trial. With her testimony limited to general testimony about the nature and effects of domestic violence, Dr. Araji does not fall within the ambit of Rule 12.2(c)(3). The government's first argument therefore fails.

The government's second argument also fails with respect to the defense of duress. The Ninth Circuit has long recognized that testimony that a woman suffered from Battered Woman Syndrome may be evidence relevant to a duress defense.[15] Great care may be required when instructing the jury on how to consider evidence of duress in a case involving a claim of Battered Woman Syndrome, but that does not automatically render evidence of the syndrome irrelevant.[16] The government's second argument that evidence concerning the Battered Woman Syndrome is irrelevant to any mental state whose presence is required for conviction appears to be correct with respect to one theory of the money laundering crimes whose sole *mens rea* is that a defendant acted knowingly,[17] but seems to overlook the intent element required to prove

---

[15] *United States v. Johnson*, 956 F.2d 894 (9th Cir. 1992).

[16] *United States v. Ramos-Oseguera*, 120 F.3d 1028, 1038 (9th Cir. 1997).

[17] 18 U.S.C. § 1956(a)(1)(B)(i); 18 U.S.C. § 1956(a)(1)(B)(ii).

money laundering under the alternative statute cited in the Indictment.[18]  Similarly, the conspiracy charge requires proof that Shannon joined the conspiracy knowing of its illegal object **and** intending to help accomplish it.  On the basis of the briefing thus far presented, the court is unconvinced that one who is not acting wilfully (i.e. one who actually is acting under duress) is acting intentionally.

## IV.  CONCLUSION

For the reasons set out above, the motion at docket 372 is **DENIED**.
DATED at Anchorage, Alaska this 25th day of 2006.

                              /s/
                        JOHN W. SEDWICK
                        UNITED STATES DISTRICT JUDGE

---

[18] 18 U.S.C. § 156(a)(1)(A)(i).