LAW OFFICES OF D. SCOTT DATTAN
2600 Denali Street, Suite 460
Anchorage, Alaska 99503
Phone: (907) 276-8008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| SHANNON DAWN RAINEY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. 3:05-cr-108-2 (JWS) |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR JUDGMENT OF ACQUITTAL

Trial in this matter began August 28, 2006, and concluded September 5, 2006 with a hung jury and a mistrial.

Rule 29 (c), Federal Rules of Criminal Procedure, states:

> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later.
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
> (3) No Prior Motion Required. A defendant is not required to move for judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

Essentially, Rule 29 (a) states that the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. "This court must determine whether after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v Virginia</u>, 443 U.S. 307, 319, 99 S. Ct 2781, 2789, 61 L. Ed. 2d 560 (1979).

The elements of the crime charged were set forth in Jury Instruction No. 17:

> First, the defendant conducted a financial transaction involving property that represented the proceeds of distribution of illegal controlled substances;
>
> Second, the defendant knew that the property represented the proceeds of distribution of illegal controlled substances; and
>
> Third, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the source of the proceeds of distribution of illegal controlled substances.

Given the complete absence of any evidence that the transfers of funds charged in the relevant courts represented "the proceeds of distribution of illegal controlled substances", there is absolutely no basis for the government to argue that these counts should not be dismissed. However, taking the evidence, as adduced at trial, in the light most favorable to the government reveals that the very first controlled substance uncovered in this entire investigation is in May 2004, when Carlos Rainey and Alexander Booker are stopped by the police and approximately one-half kilogram of cocaine was found in the vehicle. However, there is no correlation, logical or otherwise between that cocaine and transfers of funds in 2003 or in January of 2004. The last transfer charged as money laundering occurred January 20, 2004 (Count 21 of the Indictment) yet the first evidence of controlled substances is May 9, 2004, almost four months later.

"A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation." Jury Instruction No. 4. On the facts of this case, <u>only</u> through speculation could any connection be made to controlled substances. **There is no evidence. <u>None</u>**.

Taking that evidence in the light most favorable to the prosecution still leaves no evidence. None. There is no evidence of controlled substances in 2003 or in January of 2004. There was certainly no evidence that Shannon knew that the money she received from her husband in Alaska represented proceeds of distribution of controlled substances. Finally, there is no evidence that Shannon knew that the purpose of any such transaction was concealment.

This complete lack of evidence is absolute. There is no circumstantial evidence; there is no direct evidence; there is nothing but supposition.

There is no correlation between the shipping labels prepared by Shannon and the financial transactions. All of those labels were prepared in 2005. They are even more remote in time from the transactions than the drugs found in Mr. Booker's vehicle in May of 2004.

At trial thirteen intercepted telephone conversations were played for the jury. Not one of them referenced transfers of money in 2003 or 2004. These phone calls were all in October of 2005, which is even more remote in time.

The only scintilla of evidence on this whole issue is Agent Shadko's testimony that when he interviewed Shannon in November of 2005, she stated that "all of the money from Alaska was drug proceeds." However, he couldn't say that that was what she knew in 2003 or what she supposed in 2005. Inevitably, that is the whole point. We must all suppose that because Carlos Rainey was a drug dealer in 2005 and because he was riding in a vehicle with a drug dealer

in May of 2004, he must have been a drug dealer in 2003. But that is just what it is: supposition; conjecture, not evidence.

This analysis does not apply to the issue of whether Shannon agreed to participate in a conspiracy. Apparently the Government is going to try that issue again. However, given the complete lack of evidence for counts 13, 14, 15, 16, 18, 19 and 21, this court must enter a judgment of acquittal.

DATED this 11th day of September, 2006.

s/D. Scott Dattan
Attorney for Defendant, Shannon Rainey
2600 Denali Street, Suite 460
Anchorage, Alaska  99503
Phone:  907-276-8008
E-Mail:  dattan@alaska.net
Alaska Bar No:  8411111

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2006, a copy of foregoing MEMO IS SUPPORT OF MOTION FOR JUDGMENT OF ACQUITTAL was served electronically on: Stephan Collins, Mike Dieni, Allan Beiswenger, William Carey, John C. Pharr, Scott Sterling, Lance Wells, T. Burke Wonnell, Mark Rosenbaum, Raul Martinez, and Hugh Fleischer.

s/D.Scott Dattan