NELSON P. COHEN
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:05-cr-108-2 (JWS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| v. | ) | |
| | ) | |
| SHANNON D. RAINEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I.   **Introduction**

A.   This document contains the complete plea agreement between the

defendant and the United States.   The defendant understands this agreement is

limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

B.    Unless the parties otherwise inform the district court in writing, the parties expressly agree that Federal Rule of Criminal Procedure 11(c)(1) (A) and (C), where specifically noted, will control this plea agreement.  This means that the defendant  may not withdraw from this agreement or the guilty plea(s) unless the district court denies the government's post-imposition of sentence motion to dismiss the remaining charges in the Indictment as they relate to the defendant. This also means that the defendant  may only withdraw from this agreement or the guilty plea(s) if the district court rejects this plea agreement.

C.    Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II.    **What the defendant agrees to do**

A.    I, SHANNON D. RAINEY the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea agreement.

I agree the following obligations are material to this agreement.  I agree that

SHANNON D. RAINEY  Plea Agreement

any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand at an appropriate hearing during which any of my disclosures will be admissible, the district court will determine whether I have violated the terms of this agreement; the government's burden will be by a preponderance of the evidence.

### B.    Charge(s) to which the defendant is pleading guilty

I agree to enter a plea of guilty to Count 1 of the Indictment, which charges me with conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

### C.    Statutory Maximum Sentence

I understand the statutory maximum sentence for Count 1, which charges me with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846, include the following for the facts

SHANNON D. RAINEY  Plea Agreement

upon which my plea will be entered: 1) Life imprisonment, with a statutory

mandatory minimum sentence of 10 years imprisonment (if the defendant

satisfies the five criteria contained in 18 U.S.C. § 3553(f), the Court may impose

sentence without regard to the statutory mandatory minimum sentence); 2) a $4

million fine, 3) a $100 mandatory special assessment, and 4) a mandatory

minimum five-year term of supervised release, with a maximum of life. I

understand the following may also apply and affect my sentence: 1) pursuant to

Comment 7 of U.S.S.G. § 5E1.2, the district court may impose an additional fine

to pay the costs to the government of any imprisonment and supervised release

term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the district

court imposes a fine of more than $2,500, interest will be charged on the balance

not paid within 15 days after the judgment date; 3) upon violating any condition

of supervised release, a further term of imprisonment equal to the period of the

supervised release may be imposed, with no credit for the time already spent on

supervised release; 4) the district court may order that I pay restitution pursuant to

18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I agree I will owe the entire special assessment in this case on the day the

district court imposes sentence. I understand that all payments will be by check or

SHANNON D. RAINEY  Plea Agreement

money order, and are to be delivered to the Clerk of Court, United States District
Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### D. **Application of the United States Sentencing Guidelines**

I understand the district court must consult the United States Sentencing
Commission Guidelines [U.S.S.G.] when considering the sentence to impose in
my case. I understand the U.S.S.G. do not establish the statutory maximum
sentence applicable to the offenses to which I am pleading guilty. I also
understand that while the U.S.S.G. are not mandatory and that the district court is
not bound to impose a sentence recommended by the U.S.S.G., the district court
may nonetheless find the sentence recommended by the U.S.S.G. to be reasonable
in my case, after considering the factors set forth in 18 U.S.C. § 3553(a).

Below is a summary of a possible sentencing range under the U.S.S.G. for
my case. This summary does not include all possible aggravating or mitigating
facts or adjustments available under the U.S.S.G. nor does it take into account the
effect the factors set forth in 18 U.S.C. § 3553(a) may have upon the district
court's sentencing decisions. This summary binds neither the district court, me,
nor the United States. I understand that all adjustments to my offense level will be
set forth in the pre-sentence report prepared by the U.S. Probation Office, and that

SHANNON D. RAINEY  Plea Agreement

both parties will have the opportunity to argue their positions with respect to the base offense level as well as to any upward or downward adjustments that may affect my guideline offense level. I understand the district court has the discretion to ultimately impose a sentence that is higher than or lower than the range contained in this summary, subject to any statutory mandatory conditions. I understand and agree the district court will apply the preponderance of evidence standard of proof when resolving any factual disputes regarding my guideline sentence calculation. I understand that the discussions between my attorney and me concerning my sentence exposure or the possible sentence the district court might impose are only estimates and do not bind the district court nor the United States.

### SUMMARY:

NON BINDING ESTIMATED BASE OFFENSE LEVEL .... 32

ACCEPTANCE OF RESPONSIBILITY ................... -3

NON BINDING ESTIMATED TOTAL .................... 29

NON BINDING ESTIMATED CRIMINAL HISTORY ........ I

NON BINDING ESTIMATED
IMPRISONMENT RANGE .............. 120*/ 87-108 months
* The statutory mandatory minimum sentence the district court

> *must impose based on the facts defendant is admitting is 120 months.*
>
> *SUPERVISED RELEASE RANGE* .......... *min. 5 years - Life*
>
> *FINE RANGE* ......................... *$15,000 - $150,000*

If the Court finds the defendant has satisfied all five criteria set forth in 18 U.S.C. § 3553(f) and its guideline counterpart in U.S.S.G. § 5C1.2, which sections are known as the "Safety Valve," the Court may then impose sentence without regard to the statutory mandatory minimum sentence.   The "Safety Valve" criteria are as follows:

(1) The defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of U.S.S.G. § 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2) The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) The offense did not result in death or serious bodily injury to any person;

SHANNON D. RAINEY Plea Agreement

(4) The defendant was not an organizer, leader, manager, or

supervisor of others in the offense, as determined under the

sentencing guidelines and was not engaged in a continuing criminal

enterprise, as defined in 21 U.S.C. § 848; and

(5) Not later than the time of the sentencing hearing, the defendant

has truthfully provided to the Government all information and

evidence the defendant has concerning the offense or offenses that

were part of the same course of conduct or of a common scheme or

plan, but the fact that the defendant has no relevant or useful other

information to provide or that the Government is already aware of the

information shall not preclude a determination by the court that the

defendant has complied with this requirement.

In the event the Court finds the "Safety Valve" applies to the defendant's

sentence, the parties then agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the

Court shall impose a term of imprisonment anywhere between one and four years.

The parties agree that if the "Safety Valve" applies to the defendant's sentence, a

sentence between one and four years of imprisonment will satisfy the sentencing

factors set forth in 18 U.S.C. § 3553(a). Furthermore, under this condition, if the

SHANNON D. RAINEY  Plea Agreement

Court imposes a sentence less than one year of imprisonment, the United States will be permitted to withdraw from this agreement and proceed to try the defendant on any and all charges contained in the Indictment and any charges arising out of the investigation that resulted in the Indictment in this case. Likewise, if the Court imposes a sentence greater than four years of imprisonment, the defendant will be permitted to withdraw her guilty plea and from this agreement. This condition only applies to the term of imprisonment.

### E. Elements of the offense(s)

My attorney has explained the charge(s) to which I am pleading guilty and the elements necessary to establish my guilty plea(s). The district court will further advise me of the necessary elements.

I understand that in order to sustain a conviction for conspiracy to possess with intent to distribute and to distribute a controlled substance, a violation of 21 U.S.C. § 846, as charged in this case, the United States would have to prove beyond a reasonable doubt the following elements:

First, there was an agreement between two or more persons to possess with intent to distribute and to distribute controlled substances;

Second, I became a member of this agreement knowing that the objects of

SHANNON D. RAINEY  Plea Agreement

the conspiracy were to possess with intent to distribute cocaine or to distribute cocaine, and I joined with the intent to help accomplish these objectives;

Third, during the existence of the agreement, I knew or could reasonably foresee that five or more kilograms of cocaine would be possessed with intent to distribute or would be distributed in furtherance of the agreement.

I understand the phrase "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

### F. Factual basis for the plea(s)

I admit that the allegations against me in Count 1 of the Indictment are true and stipulate the following minimum factual basis for my plea(s) is true and supports my guilty plea(s) in this case:

Sometime between April, 2003, and November 15, 2005, I, SHANNON D. RAINEY, the defendant, became a member of an agreement with Carlos Likee Rainey, and others named in the Indictment in this case. When I joined this agreement, I knew the purpose of the agreement was to distribute cocaine in Alaska; I joined the agreement with the intent to help accomplish this goal. During the time I was a member of this agreement, between July and October,

SHANNON D. RAINEY Plea Agreement

2005, I helped the other members of this agreement send five (5) kilograms or more of cocaine to Alaska. I knew cocaine was a controlled substance.

### G. **Additional consequences of a felony conviction**

I understand that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.

### H. **Waiver of trial, appellate, and collateral attack rights**

I understand I have the following rights:

--    The right to have the charges against me presented to the grand jury prior to entering my plea of guilty;

--    The right to plead not guilty or to persist in that plea if it has already been made;

--    The right to a speedy and public trial by jury on the factual issues establishing my guilt or my sentence, and any issue affecting my interest in any forfeitable assets;

--    The right to object to the composition of the grand or petit

jury;

--      The right to be presumed innocent and not to suffer any
        criminal penalty unless and until my guilt is established
        beyond a reasonable doubt;

--      The right to be represented by a lawyer at trial and if necessary
        to have a lawyer appointed to represent me at trial -- I
        understand I am not waiving my right to have counsel continue
        to represent me during the sentencing phase of my case;

--      The right to confront and cross examine witnesses against me,
        and the right to subpoena witnesses to appear in my behalf;

--      The right to remain silent at trial, with such silence not to be
        used against me, and the right to testify in my own behalf;

--      The right to contest the validity of any searches conducted on
        my property or person; and

--      The right to appeal my conviction and sentence.

By pleading guilty pursuant to this agreement, I understand and agree I am
waiving all of these applicable rights including my right to appeal my
conviction(s).  I further agree that if the district court imposes a sentence that

SHANNON D. RAINEY Plea Agreement

does not exceed the statutory maximum sentence – as set forth in section II C

above in this agreement, I am waiving without exception  my right to appeal on all

grounds contained in 18 U.S.C. § 3742 the sentence the district court imposes

upon me – including forfeiture (if applicable) or terms or conditions of probation

(if applicable) or supervised release, and any fines or restitution.  Additionally, I

also knowingly and voluntarily agree to waive all right to collaterally attack my

conviction(s) and/or sentence – including forfeiture (if applicable) or terms or

conditions of probation (if applicable) or supervised release, and any fines or

restitution– the district court imposes.  The only exceptions to this collateral

attack waiver are as follows:  1) any challenge to the conviction or sentence

alleging ineffective assistance of counsel -- based on information not now known

to me and which, in the exercise of reasonable diligence, could not be known by

me at the time the court imposes sentence; and 2) a challenge to the voluntariness

of my guilty plea(s).  I understand a collateral attack is an additional means

separate from an appeal by which I  could challenge my conviction or sentence.  I

also agree that if the my guilty plea is rejected, withdrawn, vacated, reversed, or

set aside, or if my sentence is vacated, reversed, set aside, or modified, at any

time, in any proceeding, for any reason, the United States will be free to prosecute

SHANNON D. RAINEY  Plea Agreement

me on all charges arising out of the investigation of this case for which there is probable cause.

## I. **Satisfaction with counsel**

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the district court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

## III.    **What the United States agrees to do**

A.    In exchange for the defendant's plea(s) of guilty to Count 1, the United States agrees to dismiss the remaining counts of the Indictment, as they relate to the defendant. The United States agrees that it will not prosecute the defendant further for any offense -- now known -- arising out of the subject of the

investigation related to the charging instrument in this case and the defendant's

admissions in support of the guilty plea(s). Provided, however, if the defendant's

guilty plea(s) is/are rejected, withdrawn, vacated, reversed, or set aside, or if the

defendant's sentence is vacated, reversed, set aside, or modified, at any time, in

any proceeding, for any reason, the United States will be free to prosecute the

defendant on all charges arising out of the investigation of this case for which

there is probable cause, including any charges dismissed pursuant to the terms of

this agreement, which charges will be automatically reinstated as well as for

perjury and false statements.

B.     If the defendant is completely candid and truthful with both the

district court and the United States Probation Office in admitting the underlying

criminal conduct and the defendant meets the criteria set out in U.S.S.G. § 3E1.1,

the United States agrees to  recommend the defendant for a two level downward

adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to

move for the additional one level adjustment for acceptance of responsibility.  If,

at any time prior to imposition of  sentence, the defendant fails to meet the criteria

set out in  U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of

responsibility, the United States will not make or, if already made, will withdraw

SHANNON D. RAINEY  Plea Agreement

this recommendation and motion.

C.  The United States will recommend a sentence based on the U.S.S.G. and
will recommend the district court impose a sentence at the low end of the total
adjusted offense level the district court determines is appropriate for the defendant
at the time imposition of sentence occurs, if the defendant abides by the terms of
this agreement.  If the defendant qualifies for the "Safety Valve," the United
States will be free to argue for any term of imprisonment between one and four
years.

**IV. Adequacy of the agreement**

Pursuant to Local Criminal Rule 11.2 (D)(7), (8), and (9), this plea
agreement is appropriate in that it conforms with the sentencing goals that would
otherwise be applicable to the defendant's case if the defendant had gone to trial
and had been convicted on all counts in the charging instrument.

**V. The defendant's acceptance of the terms of this plea agreement**

By my signature below, I, SHANNON D. RAINEY affirm this document
contains all of the agreements made between me– with the assistance of my
attorney–  and the United States regarding my plea(s).  There are no other
promises, assurances, or agreements the United States has made or entered into

SHANNON D. RAINEY  Plea Agreement

with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the district court in writing before I enter my guilty plea(s).

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the district court will impose if I plead guilty. If at the time of my imposition of sentence hearing the Court finds I have not satisfied the "Safety Valve" criteria, then I understand the Court will not impose a sentence below the applicable  statutory mandatory minimum sentence. I understand that only if the Court finds I qualify for the "Safety Valve," the Court may impose a term of imprisonment anywhere between one and four years. If the Court finds I qualify for the "Safety Valve," I further understand I may withdraw my plea and from this agreement only if the Court imposes a sentence of imprisonment greater than four years and the United States may withdraw from this agreement if the Court imposes a sentence of less than one year of imprisonment.  If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court

SHANNON D. RAINEY  Plea Agreement

when I enter my guilty plea(s). If there are any other promises or agreements, I would so inform the Court. I agree that any additional agreements between the parties must be submitted to the Court in writing.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the district court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1.

DATED: 10/29/06

SHANNON D. RAINEY
Defendant

SHANNON D. RAINEY Plea Agreement

Page 18 of 19

As counsel for the defendant, I have discussed ~~with~~ the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: _October 29 2006_

_____
D. SCOTT DATTAN
Attorney for RAINEY

On behalf of the United States, the following accept SHANNON D. RAINEY's offer to plead guilty under the terms of this plea agreement.

DATED: _10/30/2006_

_____
STEPHAN A. COLLINS
Assistant U.S. Attorney

DATED: _10/30/2006_

_____
NELSON P. COHEN
United States Attorney

SHANNON D. RAINEY  Plea Agreement

Page 19 of 19